NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 11-310 (JLL) |
| v. | ORDER |
| KOLE AKINOLA, | |

**LINARES**, District Judge.

Currently before the Court is the Government's application to exclude Defendant's Expert Witness from testifying. The Government contends that the Expert's opinion will not help this Court determine whether "the officers justifiably stopped the Defendant, had probable cause to arrest the defendant, and appropriately searched and inventoried the contents of the car in view of the Fourth Amendment and/or the GRPD inventory policy." Gov't Letter to the Court, May 9, 2012 (CM/ECF No. 63.)

Specifically, the Government contends that Defendant's Expert's opinion on the proper administration of the alcotest should be excluded as irrelevant. The Court agrees. As the Government correctly points out, "whether the alcotest was administered appropriately . . . has no bearing on the appropriateness of any prior conduct by the GRPD officers." Id. While these opinions may ultimately be relevant to Defendant's state charge of driving while intoxicated, they have no bearing on the instant motion to suppress.

The Government further contends its appropriate to exclude Defendant's Expert's opinion on the proper administration and validity of on-site field sobriety tests ("FST's") because 1) the expert does not offer any opinion about whether Officer Faranda performed the FST's incorrectly in this case; and 2) the Expert does not indicate the point of unreliability at which probable cause to arrest is undermined, if it ever is. The Court disagrees. Although, the Expert does not explicitly opine whether Officer Faranda administered the FST's correctly, that does not mean that the Expert's Opinion on the proper administration of FST's would not assist the trier or fact

in making its own determination on that issue. This Opinion is not, as the Government contends, irrelevant because it still informs whether Officer Faranda performed the FST's correctly. Officer Faranda's acknowledgment that there is an appropriate way to conduct FST's does not satisfy this function because he is not in a position to objectively describe the proper method, particularly if the evidence ultimately indicates that his method of administering the tests was a departure from the proper method

As to the second issue, the Expert could not have indicated a point at which probable cause is undermined because "the probable cause standard is not capable of precise measurement . . . its meaning is roughly the same as 'strong inference'." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 335, 127 S. Ct 2499 (2007). As the Government concedes, the Officers based their probable cause determination on many other factors in addition to the FST results that were presumably not known to the Expert. Accordingly, without knowing the other factors influencing an Officer's probable cause determination, no expert can ever be a position to indicate the point at which improper administration of FST's undermines probable cause. However, the Expert's opinion is useful to this Court in evaluating the appropriateness of the Officers' ultimate probable cause determination, which he claims to have based, at least in part, on the FST's. The Government argues that whether Officer Faranda misapplied any or all of the FST's is irrelevant because an officer's mistake of fact does not negate probable cause to arrest. See Illinois v. Rodriguez, 497 U.S. 177, 185 (1990). Rather, the Government notes, the probable cause inquiry focuses on the facts reasonably believed by the officers at the time of the arrest even if it later turns out that the officers were mistaken. Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008). This is true except that in finding the Expert's testimony irrelevant, the Government has overlooked the reasonableness requirement that is necessary to rely on a mistake of fact. While it is correct that Officer Faranda may make a probable cause determination based on a _reasonable_ mistake of fact, he may not do so based on an unreasonable one. The Expert's Opinion helps informs the degree of departure that Officer Faranda made, if departure it be, and therefore helps the Court evaluate the reasonableness of the Officers' ultimate probable cause determination.

Accordingly, **IT IS** on this 24 day of July, 2013,

**ORDERED** that Defendant's expert may only testify as to the proper administration of

the FST's ; and it is further

**ORDERED** that if at any time the Court finds that the Witness has exceeded the scope of allowable or appropriate testimony, the Court reserves the right to impose further restrictions pursuant to the Court's inherent power to control the presentation of evidence.

**SO ORDERED.**

Jose L. Linares,
United States District Judge