**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KOLE AKINOLA, a/k/a Kale Akin, a/k/a Kalee Akins, a/k/a Black Law, a/k/a Black, | Criminal Action No.: 11-310 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Kole Akinola's motion for reconsideration of this Court's June 28, 2016 Letter Order denying Defendant's eighth motion for bail. (ECF No. 224). The Government has opposed this motion, and Defendant has replied to same. For the reasons stated herein the Court denies Defendant's motion for reconsideration.

**I.     Background**

Defendant was arrested in connection with the pending criminal charges on April 27, 2011. (ECF No. 3). The following day, a criminal complaint was filed against Defendant, alleging that Defendant conspired with others to defraud the Internal Revenue Service "by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim in violation of 18. U.S.C. § 286." (ECF No. 1).

On April 28, 2011, Defendant appeared before then-Magistrate Judge Claire C. Cecchi for an initial appearance and detention hearing pursuant to 18 U.S.C. § 3142(f). (ECF No. 3).[1] After holding a detention hearing, the Magistrate Judge denied Defendant bail and ordered that Defendant be detained pursuant to an Order of Detention Pending Trial. (ECF Nos. 3, 6). The Magistrate Judge specifically indicated that detention was warranted based upon Defendant's risk of non-appearance and the risk that Defendant will pose a danger to another person or the community. (ECF No.6).

Since April 28, 2011, Defendant has filed eight applications seeking release on bail. The Court has denied each of these applications, and the Third Circuit has twice—first on August 12, 2014, and more recently on October 5, 2015—denied Defendant's appeals. (ECF No. 137; CoA No. 15-2674).

On May 3, 2016, Defendant filed his eighth bail application. (ECF No. 205). The Court heard argument with respect to this motion on June 13, 2016, and permitted the parties to offer arguments in summation on June 15, 2016. On June 28, 2016, this Court entered a letter order denying Defendant's eighth bail application. (ECF No. 221, "Op."). It is this June 28, 2016 letter order for which Mr. Akinola seeks reconsideration. (ECF No. 224, "Def.'s Mov. Br."). The Government has opposed Defendant's motion (ECF No. 226 "Gov't. Br.") and Defendant has replied to that opposition (ECF No. 227, "Def.'s Reply Br."). This motion is now ripe for the Court's adjudication.

## II.     Legal Standard

---

[1] Section 3142(f) permits a judicial officer to "hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

2

Motions for reconsideration filed in this district are governed by Local Civil Rule 7.1(i), which is applicable to criminal actions through Local Criminal Rule 1.1. "[R]econsideration is an extraordinary remedy[] that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (citations omitted). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations and alterations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld*, 161 F.Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have "overlooked some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, Civ. No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

### III. Discussion

Defendant offers several arguments in support of his motion for reconsideration. First, Defendant reiterates his position that his pretrial detention constitutes a violation of due process. (Def.'s Mov. Br. at 1). Next, Defendant argues that this Court erred in its finding that the amount of equity in Defendant's proposed bail package was less than that previously offered. (*Id.* at 2-3). Further, Mr. Akinola maintains that there is no clear and convincing evidence that, if released, he would pose a danger to the community by committing a crime contemplated by the Bail Reform Act. (*Id.* at 4). Additionally, Defendant argues that in rejecting his proposed bail package as insufficient to secure his appearance and by not setting the least restrictive amount to reach that goal, the Court has violated Section 3142(c)(2) of the Bail Reform Act, Defendant's Eighth Amendment rights, and Federal Rule of Appellate Procedure 9(a). (*Id.* at 4-5). Lastly, in his reply brief, Mr. Akinola has included "as added basis for this Court's reconsideration of its recent bail denial, the fact that after he moved for reconsideration the Court postponed trial and set a new trial date for November 28, 2016." (Def.'s Reply Br. at 1). The Court addresses each argument, in turn.

First, Defendant argues that "[his] case qualifies as the 'rare' instance where the law provides that the length of his detention by itself offends due process." (Def.'s Mov. Br. at 1). However, this argument was already raised by Mr. Akinola, and the Court addressed same in its opinion denying Defendant's eighth bail application. (*See* Op. at 2-6). Specifically, and notwithstanding the fact that the Government filed the operative Second Superseding Indictment on December 21, 2015, the Court found that "based on the lengthy record before the Court, it is clear that the delay of this matter proceeding to trial is a consequence of Defendant's litigation

4

strategy." (*Id.* at 6). Accordingly, the Court determined that Defendant's extended detention is not a due process violation. (*Id.*). Because the Court has already carefully considered and rejected this argument, it is not properly raised in this motion for reconsideration.[2]

Second, Defendant argues that the Court committed clear error in its comparison of Mr. Akinola's proposed bail package with earlier-proposed packages. (Def.'s Mov. Br. at 2-4). Specifically, Mr. Akinola states that the Court incorrectly concluded that his proposed bail package had less equity than packages previously considered. (*Id.*). For its part, the Government has not disputed Mr. Akinola's representation that the presently-proposed bail package has a greater equity than any prior packages. (*See* Gov't. Br. at 3). Therefore, the Court accepts Defendant's representation that the available equity in his proposed packages exceeds that of his previously proposed bail packages. That said, however, the Court notes that it correctly identified Mr. Akinola's bail package as having an equity—rather than value—of $1,375.046.89. (Op. at 6). In other words, despite any conflation of the value of the properties in question with the available equity of those properties, the Court was well aware of the significance of the bail package and was "not satisfied that the proposed bail package will adequately secure Defendant's future appearance before the Court." (*Id.*).

Defendant asserts that even assuming his proposed bail package had less equity than packages previously offered, "that was before Akinola served five years in pretrial detention and the reasons for that denial have since been shown not to apply in this case." (Def.'s Mov. Br. at 3). That is, according to Defendant, since the Court's initial order denying Plaintiff bail in 2011,

---

[2] In any event, the Court is not swayed by Plaintiff's citation to *United States v. Briggs*, 697 F.3d 98 (2d. Cir. 2012). In that case, while the Second Circuit did express that it was "deeply troubled" by the defendant's over two-year pre-trial detention, the Court stated: "There is no bright-line limit on the length of detention that applies in all circumstances; but for every set of circumstances, due process does impose some limit." *Id.* at 103. Similarly, Defendant's citations to district court cases out of the Western District of New York and the Middle District of Tennessee are not binding on this Court.

5

which was based in part on the danger to the community analysis, "Akinola has shown he is not a danger to the community as a matter of law since there is no clear and convincing evidence he will commit a crime of physical violence or drug trafficking if released." (*Id.* at 3-4). Defendant principally relies on *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986) in support of this argument.

In *Himler*, the Third Circuit outlined the statutory scheme of the Bail Reform Act as follows:

> Under the [Bail Reform Act] judicial officers must now consider danger to the community in all cases in setting conditions of release. *See* 18 U.S.C. § 3142(g)(4) (Supp. II, 1985). Furthermore, a defendant's dangerousness may serve as a basis for pretrial detention. *See* 18 U.S.C. § 3142(e) (Supp. II, 1985). If a judicial officer finds that release on personal recognizance or unsecured appearance bond will not provide the requisite assurances, the judicial officer must impose the least restrictive bail conditions necessary to assure appearance and safety.
>
> In a narrowly drawn section, the Act provides statutory authority for the judicial officer to consider whether, in certain specific cases, no conditions of release will assure appearance and safety and whether the defendant may then be detained pending trial. 18 U.S.C. § 3142(e), (f) (Supp. II, 1985).
>
> In a nutshell, a detention hearing, *i.e.*, for considering detention as opposed to setting conditions of release, may be held upon an appropriate motion in a case involving:
>
> (1) a crime of violence, 18 U.S.C. § 3142(f)(1) (Supp. II, 1985)
> (2) a crime punishable by life imprisonment or death, *Id.*;
> (3) a federal narcotics offense with a potential sentence of ten years or more, *Id.*;
> (4) any felony following convictions for two or more offenses in the nature of the above, whether state or federal, *Id.*;
> (5) a serious risk of flight, 18 U.S.C. §3142(f)(2) (Supp. II, 1985); or
> (6) a serious risk that the person will attempt to obstruct justice or to threaten, injure or intimidate a witness or juror. *Id.*

*Id.* at 159.

In *Himler*, a magistrate judge ordered the pretrial detention of the defendant pursuant to 18 U.S.C. § 3142(f), based upon what the judge believed to be "a serious risk of flight as well as the

danger that [the defendant] would continue to engage in a similar criminal activity"—that is, the creation of fraudulent identification documents. *Id.* On review, the district court upheld the magistrate judge's order of detainment based upon the court's belief that the defendant would pose a danger to the community because he is likely to commit another offense involving fraudulent identification. *Id.*

On appeal, Himler challenged the district court's finding that he was a danger to the community under the Act. *Id.* at 159. Specifically, Himler argued that the offense of creating fraudulent documents is not the kind of danger to the community that Congress had in mind when enacting the Bail Reform Act. *Id.* The Third Circuit agreed. *Id.* at 160-62. That is, the Third Circuit held that the Act does not "authorize[] pretrial detention upon proof of danger to the community other than from those offenses which will support a motion for detention." *Id.* at 159. As noted above, the Act specifically references crimes involving violence and serious narcotics offenses.

Having reviewed *Himler*, the Court agrees with Defendant that only the crimes identified in Section 3142 of the Act would support a finding by the Court that the Defendant poses a danger to the community. The Court further notes that the Government has not specifically addressed or disputed this argument in its opposing papers. Thus, the Court finds that Defendant's pretrial detention pursuant to 18 U.S.C. § 3142(f) cannot be premised upon a finding by the Court that Defendant poses a danger to the community if released.

While Defendant cannot be said to be a danger to the community as contemplated by the Bail Reform Act, Defendant's pretrial detention is nevertheless authorized by this Court's findings, on numerous prior occasions, that Defendant poses a serious risk of flight. 18 U.S.C. §3142(f)(2)(A); *see also Himler*, 797 F.2d at 160. That is, the Court has considered the factors

enumerated in 18 U.S.C. § 3142(g), and found that a review of same supports the Government's position that there are no conditions of release sufficient to secure Defendant's future appearance before the Court. Specifically, the Court has considered:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the [Defendant];
> (3) the history and characteristics of the person, including—
>     a. (A) the [Defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     b. (B) whether, at the time of the current offense or arrest, the [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

As to the first factor, the Court finds that "the nature and circumstances of the offense charged" supports a determination that Defendant poses a flight risk. Notwithstanding the proposed conditions of release, the Court is concerned that the alleged falsification of documents is the kind of action that can be done within the confines of a custodian's home.[3] With respect to the second factor, the Court only notes that having heard multiple days of hearings involving evidentiary issues, the Court is familiar with the factual allegations underlying the charges against Mr. Akinola, and finds that the weight of evidence against Defendant is not insignificant.

It is, however, a review of the third factor that most convinces the Court that there are no conditions of release sufficient so secure Defendant's appearance. First, the Court is familiar with

---

[3] This is not to say that there is a "*per se* presumption of flight where the crime charged involves the production of fraudulent identification." *Himler*, 797 F.2d at 160. Rather, the Court's determination that there are no conditions of release sufficient to secure Defendant's appearance is based upon a review of the totality of the circumstances of this case.

Defendant's long criminal history as presented in the report of Pretrial Services. Additionally, although Defendant has (in the more recent past) appeared in Court when required, on a number of occasions Defendant has failed to appear to Court proceedings, resulting in the issuance of warrants against him. Finally, at the time of Defendant's arrest in this matter, he was on supervised release for a different federal offense. Each of these factors supports a finding that Defendant poses a serious risk of flight such that there are no conditions of release sufficient to secure his appearance.

In summary, based on a review of each of the factors itemized in the Bail Reform Act for assessing risk of non-appearance, the Court has not found any reason to part ways the numerous prior determinations by this Court that there are no conditions of release sufficient to secure his appearance before this Court.[4]

For all of these reasons, the Court declines to alter its June 28, 2016 letter order denying Defendant's eighth application for bail. Further, as the Court stands by Judge Cecchi's initial determination that there are no conditions of release that would secure Defendant's appearance pursuant to 18 U.S.C. § 3142(f), Mr. Akinola's citation to the Eighth Amendment, 18 U.S.C. § 3142(c)(2) and Federal Rule of Civil Procedure 9(a), in support of his arguments that the Court is required to set "the least restrictive reasonable bail amount necessary" to secure Defendant's appearance are inapposite. (Def.'s Mov. Br. at 4).

## IV.   Conclusion

---

[4] The Court is aware that at the time the Court entered its June 28, 2016 letter order, trial was scheduled to begin in early September, and that trial has since been adjourned to November 28, 2016. (*See* ECF No. 225). However, given that the trial was adjourned at Defendant's request (ECF Nos. 222, 223) and that this request was strongly opposed by the Government, the Court does not see the adjournment of this trial date as grounds for granting bail.

For the reasons stated herein, the Court denies Defendant's motion for reconsideration of this Court's June 28, 2016 letter order denying Defendant's eighth application for release on bail. Notwithstanding this decision, it is not lost on the Court that Defendant has been in pretrial detention for more than five years. That said, as explained in detail in this Court's June 28th letter order, it is Defendant's litigation tactics that are largely to blame for this delay. Mr. Akinola's recent bail motions have certainly caused even further delay to the resolution of these charges, and it is imperative that this matter proceed to trial as scheduled. Accordingly, the Court will not entertain any further bail motions from Defendant. An appropriate Order accompanies this opinion.

**IT IS SO ORDERED.**

DATED: August 29, 2016

JOSE L. LINARES, U.S.D.J.