NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 11-310 (JLL) |
| v. | OPINION |
| KOLE AKINOLA, a/k/a Kale Akin, a/k/a Kalee Akins, a/k/a Black Law, a/k/a Black, | |

**LINARES**, District Judge.

This matter comes before the Court by way of the Government's motion for reconsideration of this Court's January 9, 2017 Opinion (ECF No. 263, "Op.") and Order (ECF No. 264), which granted Defendant Akinola's motion to dismiss the Second Superseding Indictment ("SSI") in this matter on the grounds that Akinola's Sixth Amendment speedy trial right has been violated. (ECF No. 265, "Gov't Mov. Br."). Defendant has opposed this motion (ECF No. 270, "Def.'s Opp. Br."), and the Government has replied to same (ECF No. 271, "Gov't Reply Br."). For the reasons stated herein, the Government's motion for reconsideration is denied.

I. **Legal Standard**

Motions for reconsideration filed in this district are governed by Local Civil Rule 7.1(i), which is applicable to criminal actions through Local Criminal Rule 1.1. "[R]econsideration is an extraordinary remedy[] that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (citations omitted). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant*

1

*Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations and alterations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld*, 161 F.Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have "overlooked some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, Civ. No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## II. Discussion

The Government offers four arguments in its motion for reconsideration. The Court addresses each argument, in turn.

First, the Government argues that, with respect to the Court's analysis of the second *Barker* factor—that is, the reason for the delay— the Court overlooked Supreme Court precedent as well as this Court's prior findings which were affirmed on appeal. (Gov't Mov. Br. at 2). Specifically,

the Government maintains that the Court overlooked the case of *Vermont v. Brillon*, 556 U.S. 81 (2009), which speaks to a defendant's dilatory defense strategies and holds that actions taken by a defendant's attorney are attributable to the defendant for the purposes of the Sixth Amendment analysis. According to the Government, "[b]y now treating the cause of the delay as somehow neutral, or purportedly caused by both parties, this Court sharply deviated from its prior rulings in 2014, 2015 and 2016—all affirmed by the Court of Appeals—that Akinola, not the Government, caused virtually all of the pretrial delay in this case." (Id. at 3). The Government further argues that the standard that this Court applied in denying Defendant's prior arguments that his due process rights were being violated substantially overlaps with the Sixth Amendment analysis, thereby implying an inconsistency in the Court's opinions.

The Court did not overlook *Brillon*, nor did it overlook its prior opinions with respect to Defendant's motions for bail. At the outset, the Court recognized that this *Barker* factor "gives the Court the greatest pause." (Op. at 6). As far as *Brillon*, the Court only notes that it had reviewed the case as cited by the Government and fully understood its application to the case at bar. As to the Court's prior opinions, the Court specifically referenced same. (Id.). However, the Court recognized that, by granting Defendant's adjournment and other requests, the Court "implicitly found these requests to be reasonable." (Id. at 7). Moreover, the Court noted that case law counsels "that the Court should not weigh against Defendant delays caused by his attempts to vigorously pursue his defense." (Id.). Accordingly, the Court's findings with respect to the second *Barker* factor are appropriately tethered to the applicable case law. The Court properly considered all facts and relevant cases before it when it found this second *Barker* factor to be neutral.

Second, the Government argues that "this Court erred in dismissing all counts of the Second Superseding Indictment because the Sixth Amendment right to a speedy trial did not attach

3

to all counts at the same time." (Gov.'t Mov. Br. at 3-4). According to the Government, the speedy trial right was triggered at different times with respect to the different counts in the SSI. That is,

> the only charge that ran the length of the 68-month period since Akinola was first arrested and charged federally is Count 1 of the SSI, Conspiracy to File False and Fictitious Claims. The Sixth Amendment right to a speedy trial did not attach to the other counts of the SSI until April 1, 2014, when the grand jury returned the First Superseding Indictment.

(Id. at 3). At the outset, the Court notes that the Government did not raise this argument in opposition to Defendant's Sixth Amendment motion. The Government suggests that because this argument was raised with respect to Defendant's motion to dismiss based upon a violation of the statutory speedy trial clock, this "principle" was before the Court with respect to Defendant's motion to dismiss on constitutional (i.e., speedy trial right) grounds. (Gov't Reply Br. at 2). Yet, the Government's opposition to Defendant's arguments for dismissal on Sixth Amendment grounds is inconsistent with this inference. Specifically, in its opposition to Defendant's Sixth Amendment motion, the Government stated that "[t]he length of delay is measured 'from the date of arrest or indictment, whichever is earlier, until the start of trial.'" (ECF No. 250 (quoting *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993)). Nowhere in its opposition did the Government argue that the filing of the SSI in any way affected Defendant's speedy trial rights. Because motions for reconsideration are "not for addressing arguments that a party should have raised earlier," *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010), the Court is not required to addresses this belated argument.

In any event, were the Court to consider this new argument, the Court would be unpersuaded by same. In support of its argument that the speedy trial act is triggered upon the filing of subsequent indictments, the Government relies on two cases—one from the Fifth Circuit and one from the Seventh Circuit. These cases are not binding on this Court. In contrast, binding precedent from the Third Circuit holds that a defendant's "speedy trial right [is] not affected by

4

the filing of a superseding indictment." *United States v. Battis*, 589 F.3d 673, 679 n.5 (3d Cir. 2009). Stated differently, the Third Circuit has held "that the filing of [a] superseding indictment [does not] restart[] the constitutional speedy trial clock." *Id.* In light of this binding precedent, the Court did not err in calculating Defendant's constitutional speedy trial right from the time of his initial arrest.

Third, the Government takes exception with this Court's finding that Defendant has been prejudiced by the delay. (Gov.'t Mov. Br. at 4-5). In summary, the Government argues that the Court erred in crediting Defendant's argument that the delay has caused a potential defense witness, Ms. Bailey, to decline to cooperate with Defense counsel. (Id.). The Government states that to the extent that Ms. Bailey declined to cooperate with Defense counsel, Defendant could have compelled her to testify. (Id. at 4). Further, the Government argues that, contrary to Mr. Akinola's representations, Ms. Bailey would not have provided testimony favorable to Defendant. (Id.). Lastly, the Government states that because Ms. Bailey's statements have been preserved via recordings and affidavits, the Court's concern that the delay will hinder the reliability of this particular witnesses' memory is without merit.

In support of this argument, the Government refers the Court to various parts of the record which the Court is alleged to have "overlooked," but which the Government failed to cite it its underlying opposition. (Id. at 4-5). For example, for the first time, the Government cites to docket entries dating back to August 2011. (Id. at 5). The Court was not required to search the entire record of this case for evidence that could possibly contradict Defendant Akinola's arguments. Because the Government failed to raise this evidence below, the Court rejects this argument.

In any event, and as Defendant argues, the evidence relied upon by the Government does not plainly contradict Mr. Akinola's argument that Ms. Bailey could have testified as to other users

5

of the Camaro. (Def.'s Opp. Br. at 9). The Government cites to an affidavit of Mr. Akinola in which he stated that "the vehicle was to be used by [him] alone [and that he] put personal items in the vehicle." (Gov't Mov. Br. at 5). The Government also directs the Court to portions of the record wherein Ms. Bailey indicated that she did not own any of the contents in the Camaro, that she rented the Camaro with the intention that Mr. Akinola would use the vehicle, and that she did, in fact, allow Mr. Akinola to drive same. (Gov't Mov. Br. at 4-5). But, as Defendant notes, Ms. Bailey "admitting that she rented the Camaro with the understanding that Akinola would use it is not inconsistent with her also wanting to test drive it, or with her allowing others to drive and occupy it prior to giving it to Akinola, or with her claim that nothing in the vehicle was hers." (Def.'s Opp. Br. at 9). Nor, for that matter, does this newly referenced evidence cure the Defendant's concern that counsel would not have been able to prep Ms. Bailey as a defense witness. (Id.).

Finally, the Government maintains that the Court failed to consider that the delay in bringing this matter to trial caused "actual and greater prejudice to the Government" than to Akinola. (Id. at 5). The Court is and was keenly aware of the fact that delay may hinder both the Government's and the Defendant's case. Specifically, the Court heard from the Government at oral argument that several of the victims in this case are now deceased. Nonetheless, as the Third Circuit has recognized, "two wrongs don't make a right." *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, n. 27 (3d Cir. 2006). That is, even if the Court had made an express finding that the Government was also prejudiced by the delay, that finding would not have assuaged either this Court's or Defendant's concerns that the delay in bringing this case to trial has: (1) hindered the truth-seeking process or; (2) adversely affected Defendant's ability to put up a defense. The Court, therefore, rejects this final argument.

6

### III. Conclusion

For the reasons stated herein, the Government's motion for reconsideration of this Court's January 9, 2017 Opinion and Order dismissing the above-captioned action is denied. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED:  March 27th, 2017

JOSE L. LINARES, U.S.D.J.